Filed
D.C. Superior Court
05/81/2016 09:22AM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHEN KELLEHER** <br> 1305 S Street, NW <br> Washington, DC 20009 <br><br>    Plaintiff, <br><br> v. <br><br> **DREAM CATCHER, L.L.C.** <br> 1408 Varnum St. NW <br> Washington DC 20011 <br><br> Serve:  Registered Agent <br>     Heidi Schultz <br>     1408 Varnum St. NW <br>     Washington DC 20011 <br> and <br><br> **CESAR DE ARMAS** <br> 1408 Varnum St. NW <br> Washington DC 20011 <br><br> and <br><br> **HEIDI SCHULTZ** <br> 1408 Varnum St. NW <br> Washington DC 20011 <br><br>    Defendants. | Case No: 2016 CA 003949 B |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW the plaintiff, Stephen Kelleher, ("Plaintiff"), by and through counsel, and for his Complaint against defendants Dream Catcher, LLC ("Dream Catcher"), Cesar de Armas ("de Armas"), and Heidi Schultz ("Schultz") (collectively "Defendants") states as follows:

### PARTIES AND JURISDICTION

1.  Plaintiff is the owner of a residence located at 1305 S Street, NW, Washington, DC 20009 ("the Property").

2. Upon information and belief, Defendant Dream Catcher is District of Columbia entity with an address and principal place of business of 1408 Varnum Street, NW, Washington, DC 20011.

3. Upon information and belief, defendant Schultz is an individual with an address of 1408 Varnum Street, NW, Washington, DC 20011.

4. Upon information and belief, defendant de Armas is an individual with an address of 1408 Varnum Street, NW, Washington, DC 20011.

5. Jurisdiction is proper under D.C. Code § 11-921 and § 13-423(a)(1) as Plaintiff has brought a civil action and Defendant transacts business in the District of Columbia.

## FACTS

6. Plaintiff incorporates by reference the foregoing paragraphs as though they were fully set forth herein.

7. Plaintiff entered into an agreement with Dream Catcher ("the Contract") under which Dream Catcher was to preform residential construction and renovation work ("the Work") on the Property (generally, "the Project").

8. Defendants failed to perform the Work in accordance with contractual and other requirements.

9. Defendants' failures and wrongful conduct include, but are not limited to, failing to perform the work of the contract in accordance with the contract documents, failing to supply enough workers and/or properly or licensed skilled workers or proper materials for the project, failing to carry out the work with appropriate skill and attention, disregarding applicable laws, statutes, ordinances, codes, rules and regulations, failing to perform the work in accordance with the contract schedule, failing to correct defective work, taking payment for work that Dream

Catcher did not perform, taking payment for materials that Dream Catcher did not purchase, failing to complete the Project on time, failing to act with good faith and fair dealing, and abandoning the Project.

10. Specific instances of defective and incomplete work involve both interior and exterior Work, including but are not limited to the mechanical, electrical, and plumbing systems, drywall, exterior building materials, site work, roofing work, insulation, waterproofing, crawl space, attic, painting, trim, finishes, and installation of skylights and appliances.

11. Defendants' failure to properly insulate and waterproof caused damage and deterioration to the roof and other parts of the Property causing Plaintiff to incur significant cost to replace and repair damaged items.

12. During the course of their involvement in the Project, upon information and belief, Defendants operated without a Home Improvement Contractor's License.

13. Defendants accepted payment for work not performed, accepted payment for materials not purchased, failed to provide proper receipts during the Project, and included improper provisions in the Contract.

14. Defendants abandoned the Project and failed to return to Plaintiff the monies received for work Defendants did not perform, materials Defendants did not purchase or install, and appliances Defendants did not purchase or install.

15. After Dream Catcher abandoned the Project, Plaintiff notified Dream Catcher of its contractual breaches and other failures. Dream Catcher failed to cure any of its contractual breaches, failed to provide a copy of a Home Improvement Contractor's License, and failed to provide a copy of a Home Improvement Contractor's bond.

16. Upon information and belief, at all times relevant to this matter, Dream Catcher did not possess a valid District of Columbia Home Improvement Contractor's ("HIC") License.

17. Upon information and belief, there is a unity of ownership and interest between de Armas and Schultz ("the Individual Defendants") and Dream Catcher.

18. Upon information and belief, Dream Catcher is and at all relevant times has been undercapitalized.

19. Upon information and belief, there has been extensive comingling and intermingling of assets between Dream Catcher and the individual defendants.

20. Upon information and belief, Dream Catcher has failed to observe corporate formalities.

21. Upon information and belief, the individual defendants have utilized the company form of Dream Catcher to perpetrate wrongful and fraudulent conduct upon Plaintiff in connection with the Project.

22. Upon information and belief, examples of defendants' wrongful and fraudulent conduct include requesting and accepting payment from Plaintiff allegedly for the purpose of purchasing appliances or materials for the Project while knowing that they would utilize those funds for other purposes unrelated to the Project.

23. Defendants accepted payment from Plaintiff, but failed to perform certain parts of the Work required by the Contract, and performed other parts of the Work in a substandard and defective manner.

24. As a direct and proximate result of Defendants' breaches of contract and other wrongful conduct, Plaintiff has sustained damages including but not limited to the loss of funds paid to and retained by Defendants but not used for the Project, costs to complete the Work that

Defendants did not perform, costs to remediate defective work, additional design costs necessary to correct and complete the Work, additional costs to obtain a replacement contractor to correct and complete the Work, delay damages, interest, attorneys' fees and litigation costs, and other damages.

### Count I -- Breach of Contract

25. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

26. At all times relevant herein, Defendants and their agents, servants, and/or employees were bound by the Contract to perform construction and renovation Work on the Property.

27. Defendant was bound to complete the Work in accordance to the Contract.

28. Defendant failed to complete the Work in accordance with the Contract.

29. As a direct and proximate result of the breach of contract by Defendant, Plaintiff has sustained damages in an amount to be determined at trial but which Plaintiff submits is not less than $500,000.00, which include but are not limited to sums paid to Defendants for defective, non-compliant, or unperformed work, materials, and appliances; costs to obtain a completion contractor to correct and complete Defendants' Work, liquidated damages, professional design and engineering fees, loss of use of the Property, and other damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count I in his favor and against Defendants, jointly and severally, in the principal amount of $500,000.00, plus pre- and post-judgment interest, attorneys' fees and costs, and such further and other relief in its favor as this Court deems proper and just.

## COUNT II -- Breach of Warranty

30. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

31. The Contract contained express and/or implied warranties that the Work would be performed in accordance with Contract requirements and all other applicable laws, building codes provisions, ordinances, and statutory requirements.

32. Defendants breached these warranties by, *inter alia*, failing to perform the Work in accordance with Contract requirements, building code requirements, statutory requirements governing Home Improvement Contractors.

33. As a direct and proximate result of the breach of contract by Defendant, Plaintiff has sustained damages in an amount to be determined at trial but which Plaintiff submits is not less than $500,000.00, which include but are not limited to sums paid to Defendants for defective, non-compliant, or unperformed work, materials, and appliances; costs to obtain a completion contractor to correct and complete Defendants' Work, liquidated damages, professional design and engineering fees, loss of use of the Property, additional finance costs to complete the Project, and other damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count II in his favor and against Defendants, jointly and severally, in the principal amount of $500,000.00, plus pre- and post-judgment interest, attorneys' fees and costs, and such further and other relief in its favor as this Court deems proper and just.

## COUNT III -- Quantum Meruit/Unjust Enrichment

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

35. Plaintiff asserts this Count as alternative grounds for the relief requested in Count I -- Breach of Contract.

36. In connection with the matters described above, Plaintiff conferred a benefit upon Defendants by making payment to Defendants with the reasonable belief, expectation, and understanding that Defendants would perform work and provide adequate and/or skilled labor, materials and appliances in exchange for said payment.

37. Defendants failed and refused to perform said work or to provide said labor, materials and appliances.

38. Defendants accepted and retained the benefit of Plaintiff's Work provided under circumstances that make it unjust and inequitable for them to retain the benefit without returning it, and Defendants are unjustly enriched.

39. Defendants have been unjustly enriched by the sum of $500,000.00.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count III in his favor and against Defendants, jointly and severally, in the principal amount of $500,000.00, plus pre- and post-judgment interest, attorneys' fees and costs, and such further and other relief in its favor as this Court deems proper and just.

### COUNT IV -- Breach Of Implied Covenant Of Good Faith And Fair Dealing

40. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

41. The Contract for construction and renovation upon Plaintiff's residence contained an implied duty of good faith and fair dealing.

42. Defendants materially breached this duty by persistently installing defective and sub-standard work requiring replacement, failing to perform work as promised, failing to

perform work on a timely basis and meet agreed-upon schedules, accepting payment for defective, incomplete, and/or unperformed work accepting payment for materials and appliances not purchased, failing to comply with the requirements for Home Improvement Contractors, and abandoning the Project in a defective and incomplete state.

43. As a direct and proximate result of defendants' breach the implied covenant of good faith and fair dealing, Plaintiff has sustained damages in an amount to be determined at trial but which Plaintiff submits is not less than $500,000.00, which include but are not limited to sums paid to Defendants for defective, non-compliant, or unperformed work, materials, and appliances; costs to obtain a completion contractor to correct and complete Defendants' Work, liquidated damages, professional design and engineering fees, loss of use of the Property, and other damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count IV in his favor and against Defendants, jointly and severally, in the principal amount of $500,000.00, plus pre- and post-judgment interest, attorneys' fees and costs, and such further and other relief in its favor as this Court deems proper and just.

**COUNT V --Unlawful Trade Practices (Violation of DC Code§ 28-3901, et seq.)**

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

45. Defendants are "merchants" of "goods and services" as defined by the District of Columbia Consumer Protection Procedures Act, §28-3901, *et seq* ("the CPPA").

46. Plaintiff is a "consumer" within the meaning of the Statute, and is within the class of persons that is designed to be protected by the Statute, D.C. Code§ 28-3901.

47. Defendants committed unlawful trade practices in violation of the CPPA when they:

- Purported to enter into an agreement with Plaintiff without the necessary licensures as a home improvement contractor;
- Falsely represented that their construction and remodeling services performed would be of the quality of a licensed professional;
- Falsely represented that they would provide to Plaintiff fully renovated Property of a habitable condition free and from defects and hazards;
- Falsely represented that the materials and services they provided would be of suitable grade and quality;
- Accepted payment from Plaintiff for the stated purpose of purchasing materials for the Project and then using said funds for other purposes unrelated to Plaintiff or the Project;
- Performing defective work and then abandoning the Project, leaving Plaintiff's premises in a defective and unsafe condition; and
- Otherwise violating the CPPA.

48. As a direct and proximate result of Defendants' unlawful trade practices, Plaintiff has sustained damages in an amount to be determined at trial but which Plaintiff submits is not less than $500,000.00, which include but are not limited to sums paid to Defendants for defective, non-compliant, or unperformed work, materials, and appliances; costs to obtain a completion contractor to correct and complete Defendants' Work, liquidated damages, professional design and engineering fees, loss of use of the Property, and other damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count IV in his favor and against Defendants, jointly and severally, in the principal amount of $500,000.00, plus treble damages, pre and post-judgment interest, attorneys' fees and costs, and such further and other relief in its favor as this Court deems proper and just.

### COUNT VI -- Violation of District of Columbia Home Improvement Contractors Licensure Law

49. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

50. Upon information and belief, Defendants did not possess a District of Columbia Home Improvement Contractor's License at any time relevant to this matter.

51. Upon information and belief, Defendants violated District of Columbia Home Improvement Contractor law by:

- Entering into a Home Improvement Contract with Plaintiff without proper licensure.

- Failing to use an approved form for a Home Improvement Contract.

- Utilizing a contract that did not include a home improvement contractor's license number.

- Accepting payment for home improvement work to performed (or allegedly performed) without home improvement contractor licensure and without a legal, authorized, home improvement contract that complied with District of Columbia law governing home improvement contracts; and

- Otherwise violating District of Columbia Home Improvement Contractor law.

52. As a direct and proximate result of Defendants' violation of District of Columbia Home Improvement Contractor law, Plaintiff has sustained damages in an amount to be

determined at trial but which Plaintiff submits is not less than $500,000.00, which include but are not limited to sums paid to Defendants for defective, non-compliant, or unperformed work, materials, and appliances; costs to obtain a completion contractor to correct and complete Defendants' Work, liquidated damages, professional design and engineering fees, loss of use of the Property, and other damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count IV in his favor and against Defendants, jointly and severally, in the principal amount of $500,000.00, pre and post-judgment interest, attorneys' fees and costs, and such further and other relief in its favor as this Court deems proper and just.

### COUNT VII – Fraud/Conversion

53. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

54. Upon information and belief, Defendants requested payment of sums of money from Plaintiff for materials, labor, equipment, appliances, and other services that formed part of the Work to the Project based upon representations that such Work had been performed or that materials would be purchased upon receipt of payment from the Plaintiff ("the Representations").

55. At the time of the Representations, the Representations were false.

56. Defendants knew the Representations were false when made, or, alternatively, made the Representations with negligent or reckless disregard for their truth or falsity.

57. Plaintiff relied upon Defendants' material misrepresentations.

58. As a direct and proximate result of Defendants' negligent, reckless, or deliberately false statements, and Plaintiff's reliance upon those statements in making payment to

Defendants, Plaintiff has sustained damages in an amount to be determined at trial but which Plaintiff submits is not less than $500,000.00, which include but are not limited to sums paid to Defendants for defective, non-compliant, or unperformed work, materials, and appliances; costs to obtain a completion contractor to correct and complete Defendants' Work, liquidated damages, professional design and engineering fees, loss of use of the Property, punitive damages in an amount to be determined at trial and other damages.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count VII in his favor and against Defendants, jointly and severally, in the principal amount of $500,000.00, pre and post-judgment interest, attorneys' fees and costs, and such further and other relief in its favor as this Court deems proper and just.

### COUNT VIII – Alter Ego/Veil-Piercing Personal Liability

59. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

60. Upon information and belief, Defendants de Armas and Schultz ("the Individual Defendants") are and were at all relevant times principals for and agents of Defendant Dream Catcher.

61. Upon information and belief, the Individual Defendants own Defendant Dream Catcher and dominate the conduct of said company.

62. Upon information and belief, there has been an extensive intermingling of assets between the company, Defendant Dream Catcher, and the Individual Defendants.

63. Upon information and belief, Dream Catcher is and at all relevant times was undercapitalized.

64. Upon information and belief, there is a unity of ownership and interest between Dream Catcher and the Individual Defendants.

65. Upon information and belief, the Individual Defendants have used the Limited Liability Company form of Dream Catcher as a means of perpetuating a wrong, in the form of sub-par and incomplete renovations and repairs and other wrongful conduct as described herein.

66. Based on the foregoing allegations, Defendant Dream Catcher is an alter-ego of the Individual Defendants and should be held jointly and severally liable with Defendant Dream Catcher for the relief sought by Plaintiff herein.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on Count VIII in his favor and against the Individual Defendants, jointly and severally, in the principal amount of $500,000.00, pre and post-judgment interest, attorneys' fees and costs, punitive and statutory damages, and such further and other relief in its favor as this Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

STEPHEN KELLEHER
By Counsel

/s/ Mark D. Crawford
Mark D. Crawford (Bar # 449004)
Law Offices of Mark D. Crawford, PLLC
2111 Wilson Blvd., Suite 700
Arlington, VA 22201
703-351-5024
703-351-9292 (fax)
mcrawford@mdc-law.com
Counsel for Plaintiff