**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| **Stephen Kelleher,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 1:16-cv-02092 (APM) |
| **Dream Catcher, L.L.C., et al.,** | ) ) ) | |
| **Defendants.** | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Kelleher entered into a contract with Defendant Dream Catcher, L.L.C. to renovate his home. Dream Catcher's owners are Defendants Cesar De Armas and Heidi Schultz. When the renovation went awry, Plaintiff brought this action against Dream Catcher and its two owners, advancing various contract, quasi-contract, and tort claims, as well as two putative statutory claims under District of Columbia law. *See* Notice of Removal, ECF No. 1, Compl., ECF No. 1-1 [hereinafter Compl.].

Before the court is a Motion to Dismiss filed by De Armas and Schultz. Indiv. Defs.' Mot. to Dismiss, ECF No. 3 [hereinafter Defs.' Mot.]. They primarily argue that the Complaint must be dismissed as to them because it fails to allege sufficient facts that make them individually liable for Dream Catcher's acts. Put another way, Defendants argue that Plaintiff fails to allege facts sufficient to support either an alter ego or veil piercing theory of individual liability. Defs.' Mot., Defs.' Mem., ECF No. 3-1, at 3–6. Notably, Plaintiff concedes that all claims against De Armas and Schultz are wholly predicated on those two theories of individual liability. *See* Pl.'s Opp'n, ECF No. 7, at 3.

The court agrees with De Armas and Schultz that the Complaint lacks sufficient factual allegations to support an alter ego or veil piercing theory of liability.  "Although a plaintiff need not 'show at the pleadings stage . . . [that which] he needs to show to prevail at trial,' the plaintiff must still allege sufficient facts regarding an alter ego relationship to 'satisfy Rule 8(a) and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)]."  *Motir Servs., Inc. v. Ekwuno*, No. 15-1180, 2016 WL 3248190, at *8 (D.D.C. June 20, 2016) (alteration in original).   Our Court of Appeals has recently emphasized that "[a] corporation is 'viewed as a distinct entity, even when it is wholly owned by a single individual,'" and that "the law takes seriously the formal line between a corporation and a natural person, even when the corporation is, in effect, a one-person firm."  *Nat'l Sec. Counselors v. CIA*, 811 F.3d 22, 31 (D.C. Cir. 2016) (quoting *Quinn v. Butz*, 510 F.2d 743, 757 (D.C. Cir. 1975) (footnote omitted)).  And the Supreme Court has observed that "[o]ne-person corporations are authorized by law and should not lightly be labeled a sham."  *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 471 (2000).

Here, Plaintiff alleges only one fact to support his alter ego or veil piercing theory:  Dream Catcher, De Armas, and Schultz shared the same address—1408 Varnum Street, N.W.  Compl. ¶¶ 2–4.  Although shared office space is a relevant factor for a court to consider when making an alter ego determination, *see Labadie Coal Co. v. Black*, 672 F.2d 92, 99 (D.C. Cir. 1982); *Camacho v. 1440 R.I. Ave. Corp.*, 620 A.2d 242, 249 n.22 (D.C. 1993), it is not at all unusual for a closely held entity to share a common address with its principles, as Plaintiff so conceded during a status hearing in this matter.  Thus, merely sharing a common address, without more, does not "nudge" Plaintiff's alter ego theory of liability "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff, in his Opposition, attempts to bolster his claim by pointing to additional allegations in his Complaint to support individual liability for De Armas and Schultz. *See* Pl.'s Opp'n at 6–8. For instance, he alleges—in each instance, "[u]pon information and belief"—that "there is a unity of ownership and interest between [D]e Armas and Schultz . . . and Dream Catcher"; that "Dream Catcher is and at all relevant times has been undercapitalized"; that "there has been extensive comingling and intermingling of assets between Dream Catcher and the individual defendants"; that "Dream Catcher has failed to observe corporate formalities"; and that "the individual defendants have utilized the company form of Dream Catcher to perpetrate wrongful and fraudulent conduct upon Plaintiff in connection with the Project." Compl. ¶¶ 17–21. But these allegations are no more than "[t]hreadbare recitals," of the factors courts must consider in deciding whether the corporation is the alter ego of its shareholders, *see Estate of Raleigh v. Mitchell*, 947 A.2d 464, 470–71 (D.C. Cir. 2008) (citing factors); *Lawlor v. District of Columbia*, 758 A.2d 964, 975 (D.C. 2000) (same), "supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678. Such allegations are not entitled to a presumption of truth and therefore do not suffice to establish a plausible claim of alter ego liability. *See id.*

Plaintiff asks the court to follow *Regan v. Spicer HB, LLC*, 134 F. Supp. 3d 21 (D.D.C. 2015), a case in which the district court permitted the plaintiff to seek discovery in support of his similar claim of alter ego liability. *Regan*, however, is distinguishable from this case. There, the court allowed discovery because "Plaintiff ha[d] sufficiently identified a fraud or wrong that [the individual defendant] ha[d] committed through the actions of [the entity defendant] . . . . [in that] Plaintiff alleged several torts that [the individual defendants] ha[d] committed through the actions of [the entity defendant]." *Id.* at 40. Here, by contrast, Plaintiff has not alleged a tort or wrong that De Armas or Schultz committed through Dream Catcher that would justify discovery.

3

Instead, Plaintiff's fraud claim rests entirely on the same acts that form the basis of his breach of contract claims, *compare* Compl. ¶ 54 (alleged fraudulent representations), *with id.* ¶¶ 26, 31–32, 42 (alleged breaching conduct), and for that reason, those acts do not constitute an actionable claim of fraud, *see Plesha v. Ferguson*, 725 F. Supp. 2d 106, 113 (D.D.C. 2010) ("District of Columbia law requires that the factual basis for a fraud claim be separate from any breach of contract claim that may be asserted."); *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008) ("[T]he tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship.").

In addition, Plaintiff has not sufficiently justified veil piercing by alleging that De Armas and Schultz used Dream Catcher to commit a fraud or "wrong" by operating without a "[D.C.] Home Improvement Contract's License," thereby purportedly violating the "[D.C.] Home Improvement Contractor law." Compl. ¶¶ 50–51. The Complaint does not cite any District statute that required Dream Catcher to obtain such a "home improvement contractor's license" to renovate Plaintiff's home. Compl. ¶ 51.[1] To the contrary, Defendants have cited a District code provision that, as of April 20, 1999, "eliminated" "[h]ome [i]mprovement" "as [a] separate license categor[y]." *See* Defs.' Mot. at 8 (citing D.C. Code § 47-2851.03a(o)(1)(C)). They also have cited municipal policy that permits general contractors, like Dream Catcher, to perform home improvement work without obtaining a specific home improvement license.[2] Accordingly, the

---

[1] The District does appear to have a municipal regulation that requires a person to be licensed as a home improvement contractor or salesperson employed by a licensed contractor. *See* D.C. Mun. Regs. tit. 16, § 800.1. But that provision does not, as Plaintiff seems to suggest, provide a private right of action for its violation.

[2] *See* D.C. Dep't of Consumer and Regulatory Affairs, *Get a General Contractor/Construction Manager License, Special Instructions*, http://dcra.dc.gov/service/get-general-contractorconstruction-manager-license ("If a General Contractor performs work on existing residential properties, a Basic Business License for the Home Improvement Contractor category is not required in addition to the Basic Business License for the General Contractor category.") (last visited December 22, 2016). The court can take judicial notice of a public agency's policies and procedures. *See Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 34 (D.D.C. 2014) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.").

court is unconvinced that Plaintiff has even identified, let alone sufficiently pleaded, any "wrong" stemming from Dream Catcher's alleged lack of a "home improvement contractor" license that would give rise to a plausible theory of alter ego liability.

For the foregoing reasons, the court grants De Armas and Schultz's Motion to Dismiss and dismisses the Complaint against them without prejudice.  Plaintiff may amend the Complaint by January 6, 2017, as set forth in the court's Order dated December 16, 2016, ECF No. 10.

Dated:   December 23, 2016                                   Amit P. Mehta
                                                             United States District Judge