# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                          )

**STEPHEN KELLEHER,**                          )

       **Plaintiff,**                               )

       **v.**                                          )        **Case No. 1:16-cv-02092 (APM)**

**DREAM CATCHER, L.L.C., et al.,**        )

       **Defendants.**                     )
_____ )

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Dream Catcher, L.L.C.'s Motion to Stay and Motion to Compel Arbitration ("Motion to Stay"). *See* Def.'s Mot., ECF No. 21 [hereinafter Def.'s Mot.]; Def.'s Am. Mot., ECF No. 22 [hereinafter Def.'s Am. Mot.]. Plaintiff Stephen Kelleher responds, in part, that the Defendant forfeited its right to arbitrate by availing itself of the "litigation machinery" of this case. Pl.'s Opp'n to Def.'s Am. Mot., ECF No. 25 [hereinafter Pl.'s Opp'n], at 3. The court agrees.[1]

The D.C. Circuit's decision in *Zuckerman Spaeder LLP v. Auffenberg*, 646 F.3d 919 (D.C. Cir. 2011), sets forth the relevant legal principles. In that case, the court recognized that a defendant can forfeit its right to a stay pending arbitration under the Federal Arbitration Act, 9 U.S.C. § 3, if it fails to timely assert the right. *Id*. at 922. The court defined "timeliness" in that context as follows: A defendant "who has not invoked the right to arbitrate on the record at the first available opportunity, typically in filing his first responsive pleading or motion to dismiss, has presumptively forfeited that right." *Id*. The failure to assert that right at the first available

---

[1] Having concluded that Defendant forfeited its right to arbitrate, the court does not reach the other grounds asserted by Plaintiff for denying the Motion to Stay.

opportunity is not fatal, however. A defendant can overcome the presumption of forfeiture if it shows that its delay "imposed no or little cost upon opposing counsel and the courts." *Id.* at 923.

Applying those principles here, Defendant's Motion is untimely and Defendant fails to overcome the presumption of forfeiture. Defendant did not assert its right to arbitrate at the first available opportunity. On October 31, 2016, ten days after removing its case to this court, Defendant filed an Answer, ECF No. 4, and a Motion to Dismiss in part, ECF No. 3. Defendant failed to invoke its right to arbitrate in either pleading. Nor did Defendant invoke the right soon thereafter. Rather, Defendant filed its Motion to Stay over five months later, on April 10, 2017. *See* Def.'s Mot.[2]

Defendant's delay imposed substantial costs on Plaintiff and required the attention of the court. Defendant filed an initial Motion to Dismiss, which Plaintiff opposed, *see* ECF No. 7, and which the court considered in full and denied, *see* Mem. Op. & Order, ECF No. 11. Defendant also participated in the meet and confer required under Local Civil Rule 16.3 and, together with Plaintiff, proposed a schedule for further proceedings. *See* ECF No. 9. And, after Plaintiff filed an Amended Complaint, Defendant filed two new Motions to Dismiss on January 27, 2017, *see* ECF Nos. 15, 16, which Plaintiff also opposed, *see* ECF Nos. 17, 18. Those Motions remain pending.

Defendant's delay also imposed discovery costs on Plaintiff. Plaintiff served its Rule 26(a)(1) initial disclosures on January 13, 2017, *see* ECF No. 14; made its Rule 26(a)(2) expert

---

[2] Defendant filed a Reply to Plaintiff's Opposition on June 2, 2017, arguing, among other things, that it timely invoked its right to arbitrate when it moved to dismiss the Amended Complaint. *See* Def.'s Reply, ECF No. 26 [hereinafter Def.s Reply]. Defendant's Reply, filed nearly a month after Plaintiff's Opposition, is untimely and, therefore, the court does not consider it. *See* LCvR 7(d) (requiring reply briefs to be filed seven days of service of the opposition). Even if the court were to consider the Reply, the result would be the same. The fact that Defendant raised its right to arbitrate in its *second* Motion to Dismiss, *see* Def.'s Reply at 5, does not change the court's conclusion that Defendant failed to assert its right to arbitrate "at the first available opportunity." *Zuckerman Spaeder*, 646 F.3d at 922.

2

disclosures on March 24, 2017, *see* ECF No. 20; prepared and served interrogatory and document requests; and attempted to schedule depositions for key witnesses, *see* Pl.'s Opp'n at 4. Plaintiff would not have incurred these costs had Defendant invoked it right to arbitrate at the outset.

As the foregoing demonstrates, Defendant has not overcome the presumption that it forfeited its right to arbitrate after failing to invoke that right at the earliest opportunity. *See Zuckerman Spaeder*, 646 F.3d at 923–24. Accordingly, Defendant's Motion to Stay is denied. This is a final, appealable Order. *See id.* at 921 (citing 9 U.S.C. § 16(a)(1)(A)).

Dated: June 2, 2017

_____
Amit P. Mehta
United States District Judge