# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEPHEN KELLEHER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:16-cv-02092 (APM) |
| DREAM CATCHER, L.L.C., et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Dream Catcher, L.L.C., seeks reconsideration of the court's Memorandum Opinion and Order denying its Motion to Stay and Motion to Compel Arbitration ("Motion for Reconsideration"). *See* Def.'s Mot. for Recons., ECF No. 29 [hereinafter Def.'s Mot.]; Mem. Op. & Order, ECF No. 27 [hereinafter Mem. Op. & Order]. In its Memorandum Opinion, the court relied on binding D.C. Circuit precedent, *Zuckerman Spaeder LLP v. Auffenberg*, 646 F.3d 919 (D.C. Cir. 2011), in holding that Defendant—after waiting nearly six months to move for arbitration—had forfeited its right to arbitrate Plaintiff's claims. *See* Mem. Op. & Order. For the reasons that follow, the court denies Defendant's Motion for Reconsideration.[1]

As the court's Memorandum Opinion and Order did not constitute a final judgment, the court evaluates Dream Catcher's Motion for Reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure, which governs reconsideration of non-final decisions. *See Cobell v. Norton*, 355 F. Supp. 2d 531, 538–39 (D.D.C. 2005). Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

---

[1] Even though Dream Catcher has contemporaneously filed a Notice of Appeal with its Motion, *see* Def.'s Notice of Appeal, ECF No. 30, Rule 62.1 of the Federal Rules of Civil Procedure permits the court to consider the Motion.

parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Relief under Rule 54(b) may be granted "as justice requires." *Cobell*, 355 F. Supp. 2d at 539 (internal quotation marks omitted). Courts in this district interpret that abstract phrase narrowly and will grant a motion to reconsider "only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (internal quotation marks omitted). In its Motion for Reconsideration, Dream Catcher does not point to either a change in the law or any new evidence. Accordingly, the court need only decide whether its prior ruling constituted "clear error." *Id*. at 129. Ultimately, relief under Rule 54(b) is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted).

Dream Catcher argues that the court committed clear error because it misapplied *Zuckerman*, the controlling case in this Circuit concerning a party's dilatory invocation of its right to arbitrate. Dream Catcher advances two main arguments. First, it contends that the court erred by finding that Dream Catcher did not timely assert its right to arbitrate, as required by *Zuckerman*. Def.'s Mot. at 2–4. Second, Dream Catcher argues that any delay in invoking its right to arbitrate did not impose significant enough costs on Plaintiff to warrant denying the Motion to Stay and Compel Arbitration. *Id*. at 4–5. Neither argument justifies relief under Rule 54(b).

To begin, the court disposes of the Motion for Reconsideration on a simple ground: Dream Catcher failed to cite *Zuckerman* in its Motion to Stay and Compel Arbitration. *See* Def.'s Mot. to Stay, ECF No. 21 [hereinafter Def.'s Mot. to Stay]; Def.'s Am. Mot. to Stay, ECF No. 22.

To his credit, during the hearing held on June 20, 2017, counsel for Dream Catcher candidly admitted overlooking *Zuckerman*. Rule 54(b) is not intended, however, to provide a party the chance to address controlling authority that it failed to discuss in its original motion. The fact that Dream Catcher missed controlling precedent and now wishes to address it is not the kind of "good reason" that justifies upsetting a prior court order. *Singh*, 383 F. Supp. 2d at 101.

Even if the court excuses Dream Catcher's failure to cite *Zuckerman*, neither of its arguments demonstrate that the court clearly erred in applying that case. As to its first argument, Dream Catcher maintains that it did not "waive"—that is, intentionally relinquish or abandon—its right to arbitrate. Dream Catcher explains that its counsel did not receive the contract at issue in this case until January 10, 2017—more than two months after Dream Catcher removed the case to this court, *see* Notice of Removal, ECF No. 1—and first became aware of the arbitration clause on that date. Three days later, on January 13, 2017, Dream Catcher's counsel wrote a letter to Plaintiff's counsel, in which Dream Catcher's counsel raised for the first time his client's right to arbitrate the dispute ("January 13th Letter"). Then, on January 27, 2017, Dream Catcher filed its Motion to Dismiss the Amended Complaint and, in a footnote, stated that it was filing its motion without waiving its right to arbitrate. Def.'s Mot. at 2 (citing Def.'s Mot. to Dismiss Counts III, VI, and VII, of Pl.'s First Am. Compl., ECF No. 16, at 1 n.1). Based on the foregoing timeline, Dream Catcher now argues that "it neither knew of, nor fully appreciated [its right to arbitrate] until [January 2017, when] it was advised of the legal definition and cost-benefits through its counsel." *Id*. at 2–3. Upon becoming aware of its right to arbitrate, Dream Catcher posits, it promptly invoked the right in both the January 13th Letter and in the footnote in its Motion to Dismiss the Amended Complaint. *Id*. at 2–4. Dream Catcher criticizes the court for failing to recognize that these early assertions satisfy *Zuckerman*'s timely invocation requirement. *See id.*

3

Dream Catcher's argument is flawed for a host of reasons. First, the waiver doctrine is not applicable here. *Zuckerman* makes clear that "forfeiture, not waiver, is the appropriate standard for evaluating a late-filed motion under Section 3 of the [Federal Arbitration Act ("FAA")]," *Zuckerman*, 646 F.3d at 922, and that "[f]orfeiture is the 'failure to make a timely assertion of a right' [which], unlike waiver, entails no element of intent." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Thus, it does not matter, as Dream Catcher contends, that its counsel did not learn of the arbitration clause until six months after suit was filed. All that matters is *when* Dream Catcher first invoked the right to arbitrate. Second, neither the January 13th Letter nor the footnoted reservation of rights in its Motion to Dismiss the Amended Complaint constitutes a timely invocation of the right to arbitrate. Under *Zuckerman*, a party "invokes" the right to arbitrate by "assert[ing]" it as an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure or as the basis for a motion to dismiss under Rule 12. *Id.* at 922–23; *see also Green Tree Financial Corp.-Alabama v. Randolph*, 121 S. Ct. 513, 85–86 (2000) (addressing appealability of motion to dismiss for failure to arbitrate and to compel arbitration); *Bombadier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 253–54 (D.C. Cir. 2003) (discussing *Green*). Dream Catcher, however, filed no such pleading at the outset of this case. Lastly, even if Dream Catcher's efforts to flag the arbitration clause in January 2017 constituted an "invocation," they came far too late. Dream Catcher did not assert the right to arbitrate as an affirmative defense in its Answer to the original complaint, filed on October 31, 2016. *See* Answer, ECF No. 4. That Answer was Dream Catcher's first opportunity to assert its right to arbitrate, and it failed to do so. Thus, Dream Catcher's noticing and reserving its right to arbitrate in January 2017 was not a "timely" invocation under *Zuckerman*.[2] Accordingly, the

---

[2] Dream Catcher rightly points out that the court made a mistake in its Memorandum Opinion and Order when it

court is not convinced that it committed any error—let alone "clear error"—in finding that Dream Catcher failed, under *Zuckerman*, to invoke its right to arbitrate at the earliest opportunity.

Dream Catcher's second argument fares no better. That argument turns on *Zuckerman*'s "savings clause," under which a court may excuse a party's dilatory invocation if the delay has not imposed significant "costs upon opposing counsel or the court." Def.'s Mot. at 4–5. Here, Dream Catcher claims that its six-month delay in asserting its right to compel arbitration resulted in only de minimis harm to Plaintiff. It also asserts that Plaintiff's costs arising from its late invocation were far less harmful than in *Zuckerman*, where the defendant filed three counterclaims, requested a protective order, attended mediation, and faced a trial date, all before seeking to compel arbitration. *Id*. These belated contentions, however, do not demonstrate clear error. Dream Catcher does not dispute that Plaintiff incurred real costs by virtue of Dream Catcher's failure to assert its arbitration right for more than six months—e.g., meeting and conferring with Dream Catcher to develop a discovery schedule, appearing for a hearing, issuing discovery (that Dream Catcher, without permission from the court, refused to answer), and responding to Dream Catcher's Motion to Dismiss the Amended Complaint. Those costs are significant, and it is beyond dispute that Plaintiff would not have incurred them had Dream Catcher promptly moved for arbitration. Dream Catcher's effort to minimize Plaintiff's costs is unavailing and does not make the court's application of *Zuckerman* clearly erroneous.

Finally, Dream Catcher argues that the court erred by failing to consider that Plaintiff could have avoided the costs he incurred if he had filed for arbitration in the first place, rather than

---

attributed the Motion to Dismiss filed on October 31, 2016, to Dream Catcher, rather than the Individual Defendants, *see* Mot. to Dismiss, ECF No. 3, and stated that the court denied that motion, when it in fact granted it. *See* Def.'s Mot. at 3–4 (citing Mem. Op. and Order at 2). Those errors are immaterial, however, because the fact remains that Dream Catcher failed to invoke its right to arbitrate at the earliest opportunity when it failed to assert it in its Answer or in a motion to dismiss.

5

initiating this suit. *Id.* at 3. That argument goes nowhere. *Zuckerman* makes clear that a plaintiff's decision to file a lawsuit, instead of arbitrate, does not absolve a defendant of its obligation to invoke the right to arbitrate at the earliest opportunity. *Zuckerman*, 646 F.3d at 920–21, 923–24. Thus, the costs a plaintiff incurs as a result of a defendant's failure to timely invoke cannot be minimized simply because the defendant later asserts its belief that arbitration is the correct mechanism to resolve their dispute. Dream Catcher's Motion for Reconsideration is therefore denied.

Before concluding, the court raises a separate jurisdictional issue. Dream Catcher has filed a Notice of Appeal. *See* Def.'s Notice of Appeal, ECF No. 30. It is not clear to the court whether the filing of the Notice divests the court of jurisdiction (1) as to the case in its entirety, in which event all proceedings would be automatically stayed until resolution of the appeal by the D.C. Circuit; (2) only as to Dream Catcher, in which event the case would proceed as to only the Individual Defendants; or (3) only as to the discrete issue of arbitrability, in which event the case would continue against all Defendants absent an affirmative stay order from this court or the D.C. Circuit. No later than July 17, 2017, each side shall file a single brief totaling no more than five pages that addresses the court's continuing jurisdiction over this matter.

Dated: July 10, 2017

Amit P. Mehta
United States District Judge