## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————————— )
STEPHEN KELLEHER,                           )
                                            )
       Plaintiff,                           )
                                            )
       v.                                   )        Case No. 1:16-cv-02092 (APM)
                                            )
DREAM CATCHER, L.L.C., et al.,              )
                                            )
       Defendants.                          )
—————————————————————————— )

## MEMORANDUM OPINION

       On June 2, 2017, the court denied Defendant Dream Catcher L.L.C.'s Motion to Stay and

Compel Arbitration ("Arbitration Opinion").   *See* Mem. Op. & Order, ECF No. 27 [hereinafter

Arbitration Op.].   Then, on July 3, 2017, Dream Catcher invoked Section 16 of the Federal

Arbitration Act, 9 U.S.C. §16, and noticed an appeal from the court's Arbitration Opinion.   Defs.'

Notice of Appeal, ECF No. 30.[1]   The question now before the court is whether it retains

jurisdiction over any aspect of this case.   Defendants assert that binding Circuit precedent divests

this court of jurisdiction pending the outcome of their appeal and, as a result, this matter must be

stayed in its entirety, including the claims against Individual Defendants Cesar De Armas and

Heidi Schultz.[2]   *See* Defs.' Bench Mem. Re: Continuing Jurisdiction Pending Appeal, ECF No.

35 [hereinafter Defs.' Br.], at 1–3 (citing *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, No.

02-7125, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002)).   Plaintiff Stephen Kelleher, on

---

[1] On the same day Defendants filed their Notice of Appeal, Defendant Dream Catcher also moved the court to reconsider its decision to deny the Motion to Stay.   *See* Def. Dream Catcher, L.L.C.'s Mot. for Recons., ECF No. 29. The court denied that motion on July 10, 2017 ("Reconsideration Opinion").   *See* Mem. Op. & Order, ECF No. 32 [hereinafter Recons. Op.].   Defendants have not, however, filed a notice of appeal or an amended notice of appeal from the decision denying reconsideration.   *See* FED. R. APP. P. 4(a)(4)(B)(ii).

[2] Only Defendant Dream Catcher moved to stay and to compel arbitration, as it is the only party to the underlying agreement.   *See* Dream Catcher, L.L.C.'s Am. Mot. to Stay, ECF No. 22.   Nevertheless, the Individual Defendants assert that this matter must be stayed as to them, too, to avoid "incongruous" rulings.   *See* Defs.' Br. at 3.

the other hand, maintains that the question of the court's continuing jurisdiction over this matter remains unsettled in this Circuit and, in any event, the court should maintain jurisdiction because Dream Catcher's appeal is frivolous.   *See* Pl.'s Br. in Supp. of Continuing Jurisdiction Pending Interlocutory Appeal, ECF No. 33 [hereinafter Pl.'s Br.], at 2–4.   Alternatively, Plaintiff argues that the Notice of Appeal divests the court of jurisdiction only as to the narrow issue of arbitrability, and that the court otherwise maintains jurisdiction over the remaining issues as to all Defendants. *See id.* at 5.   For the reasons that follow, the court finds that Dream Catcher's appeal is frivolous and, therefore, it will maintain jurisdiction over the case during the pendency of that appeal, unless the D.C. Circuit directs otherwise.

It remains unsettled in this Circuit whether a district court retains jurisdiction over a matter in which a party seeks an immediate appeal under Section 16 of the Federal Arbitration Act, 9 U.S.C. § 16.[3]   Both sides have identified *Bombardier Corporation v. National Railroad Passenger Corporation* as the applicable precedent in this Circuit, but disagree as to its binding effect.   2002 WL 31818924 at *1.   In *Bombardier*, an unpublished per curiam order, a motions panel of the D.C. Circuit denied as "unnecessary" a motion to stay proceedings in the district court pending appeal from the denial of a motion to compel arbitration, because "a non-frivolous appeal from the district court's order divests the district court of jurisdiction over those aspects of the case on appeal."   *Id.*   Importantly, the court added that "the district court may not proceed until the appeal is resolved."   *Id.*   A merits panel later confirmed the motions panel's finding that the district court was divested of "jurisdiction over the underlying action until we could determine the

---

[3] Plaintiff correctly points out that other circuits are split on the issue.   *See* Pl.'s Br. at 1–2.   The majority view is that an appeal under Section 16 of the FAA divests the district court of jurisdiction as to the underlying claims, so long as the appeal is not frivolous.   *See Levin v. Alms and Assocs., Inc.*, 634 F.3d 260, 263–64 (4th Cir. 2011) (collecting cases and adopting the majority rule followed by the Third, Seventh, Tenth, and Eleventh Circuits).   The minority view, on the other hand, is that a Section 16 appeal does not divest the district court of jurisdiction.   *See id.* (noting that the Second and Ninth Circuits have adopted the minority view).

threshold issue of whether the dispute between the parties is arbitrable under the FAA." *Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 252 (D.C. Cir. 2003).   Plaintiff is correct that the unpublished per curiam order in *Bombardier* does not constitute binding precedent.   *See In re Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011) (holding that "unpublished dispositions should not strictly bind panels of the court. . . . [and] do not constrain a panel of the court from reaching a contrary conclusion in a published opinion after full consideration of the issue").   Nonetheless, an unpublished opinion is "persuasive authority," *id.*, and, for that reason, the court follows the rule set forth in *Bombardier* here.   Accordingly, unless the court concludes that Dream Catcher's appeal is "frivolous," it lacks jurisdiction over these proceedings until the appeal is decided.[4]

An appeal is frivolous "when its disposition is 'obvious,' and the legal arguments are 'wholly without merit.'"   *Reliance Ins. Co. v. Sweeny Corp.*, 792 F.2d 1137, 1138 (D.C. Cir. 1986) (quoting *Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir. 1984)).   Applying that standard here, the court finds Dream Catcher's appeal to be frivolous, largely for the reasons outlined in both its Arbitration Opinion and Reconsideration Opinion.   The controlling precedent in this Circuit regarding the forfeiture of the right to arbitrate is *Zuckerman Spaeder v. Auffenberg.*   646 F.3d 919 (D.C. Cir. 2011).[5]   There, the court held that a party presumptively forfeits its right to arbitrate unless it invokes that right "on the record at the first available opportunity, typically in filing his first responsive pleading or motion to dismiss."   *Id.* at 922.   A party that fails to timely

---

[4] Because the court will retain jurisdiction over this matter, the court need not decide the thornier question of whether the court might still retain jurisdiction with respect to the claims against the Individual Defendants, who did not move to stay pending arbitration and are not parties to the underlying agreement.

[5] Dream Catcher did not cite *Zuckerman Spaeder* in its Motion to Stay.   Nevertheless, because Dream Catcher has preserved the general issue of arbitrability for appeal, the court assumes that the D.C. Circuit will allow it to argue that this court misapplied *Zuckerman Spaeder*.   *Cf. Shea v. Kerry*, 796 F.3d 42, 54 (D.C. Cir. 2015).   Of course, the Circuit may conclude otherwise.

invoke, nevertheless, may still prevail on a later filed motion to stay "provided his delay did not prejudice his opponent or the court." *Id.* at 923.

In this case, it is beyond dispute that Dream Catcher failed to invoke the right to arbitrate at the first available opportunity and that its untimely invocation resulted in prejudice to Plaintiff and, to a lesser extent, the court. Dream Catcher did not assert the right to arbitrate as an affirmative defense in its Answer, which it filed within ten days of removing the case to this court. *See* Answer of Dream Catcher, L.L.C., ECF No. 4. Even after Plaintiff filed an Amended Complaint two months later, Dream Catcher did not invoke its right to arbitrate, but instead merely "reserv[ed]" the right to do so. *See* Dream Catcher L.L.C.'s Mot. to Dismiss, ECF No. 16, at 1 n.1. By the time Dream Catcher finally asserted its right to arbitrate "on the record" by filing its Motion to Stay, *see* Dream Catcher L.L.C.'s Mot. to Stay & Mot. to Compel Arbitration, ECF No. 21, nearly six months had passed since the filing of its Answer. During that time, (1) the parties met and conferred about a discovery schedule, *see* Meet and Confer Statement, ECF No. 9; (2) the court held an initial scheduling conference and issued a scheduling order, *see* Order, ECF No. 10; (3) the court ruled on the Individual Defendants' Motion to Dismiss, *see* Mem. Op. & Order, ECF No. 11; (4) Plaintiff prepared and filed an Amended Complaint, *see* Pl.'s Am. Compl., ECF No. 13; (5) Plaintiff made his initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, *see* Pl.'s Rule 26(a)(1) Statement, ECF No. 14; (6) Plaintiff responded to separate motions to dismiss filed by Dream Catcher and the Individual Defendants, *see* Pl.'s Opp'ns to Defs.' Mots. to Dismiss, ECF Nos. 17, 18; (7) Plaintiff prepared and served requests for documents and interrogatories, to which Defendants never responded, *see* Pl.'s Opp'n to Dream Catcher's Am. Mot. to Stay, ECF No. 25 at 4; and (8) Plaintiff attempted to set deposition dates for a corporate representative of Dream Catcher and the Individual Defendants, which Defendants

4

refused to discuss, *see id.*    In light of this timeline, any contention by Dream Catcher that it timely invoked the right to arbitrate or that its delay did not result in prejudice is "wholly without merit."[6] *Reliance Ins. Co.*, 792 F.2d at 1138.    Accordingly, the court will maintain jurisdiction over this case, unless directed otherwise by the D.C. Circuit.

Dated:   July 24, 2017

Amit P. Mehta
United States District Judge

---

[6]  The court already has explained its reasons for rejecting Dream Catcher's belated attempt to distinguish *Zuckerman Spaeder*, *see* Recons. Op.*,* and therefore does not repeat them here.

5